```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

MARK S. MITCHELL,

                Plaintiff,

vs.                                      Case No. 2:10-cv-435-FtM-29DNF

JULIE M. VOGEL, Assistant State
Attorney Florida Bar No. 057101
and SPRINT CORP. SECURITY,

                Defendants.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently incarcerated within the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint ("Complaint," Doc. #1), accompanied by an Affidavit of Indigence in which he requests to proceed *informa pauperis* in this action (Doc. #2). Plaintiff names as Defendants Assistant State Attorney Julie M. Vogel and Sprint Corporation Security. See generally Complaint.

The Complaint alleges violations of Plaintiff's constitutional rights in connection with Plaintiff's State criminal conviction for which he is currently incarcerated. Id. at 4. In particular, Plaintiff avers that Assistant State Attorney Vogel "sought to introduce at trial Historical Cell Site Location Information (CSLI) from Plaintiff's cell phone in order to place him in the vicinity where the crime was committed at a particular time." Id. at 3.

Plaintiff states that, after he was arrested and in jail on the charges, Vogel attempted to subpoena the telephone records. Sprint refused to produce them without a court order, so Vogel filed and ex parte motion and obtained a court order. Plaintiff states that Defendant Sprint provided the records of his CSLI after it was served with a subpoena obtained by Vogel. Id. at 3-4. Plaintiff contends that the records were obtained unlawfully because he "did not give authorization to the State or Sprint to disclose his CSLI." Id. at 4. Plaintiff suggests that disclosure of his CSLI "could identify his past, present, physical/geographical movement and location." Id. at 5. Thus, Plaintiff opines that his movements would reveal his associations, as well as reveal certain "information that an individual wants and reasonably expects to be private." Id. As relief, Plaintiff seeks "damages" for the physical and emotional harm he has suffered. Id. at 6.

Because Plaintiff is currently incarcerated and seeks to proceed *informa pauperis* in this action, the Prison Litigation Reform Act requires that the Court review the instant action to determine whether the action is "(1) frivolous, malicious, or fails to state a claim upon which relief can be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). See also 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In

reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 555 U.S. 89, 93 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery

of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001). The absence of either element proves fatal to a pleading.

Liberally construing the Complaint, it appears that Plaintiff is attempting to assert a violation of his constitutional right to privacy. Admittedly, the Constitution does not expressly guarantee an individual a "right of privacy," but the Supreme Court has recognized that certain constitutional guarantees may create "zones of privacy." <u>Paul v. Davis</u>, 424 U.S. 693, 712-713 (1976). The Constitution, however, does not encompass a general right of nondisclosure of all private information. Rather, the Constitution recognizes that the right to privacy is limited to certain fundamental rights that are implicit in the concept of ordered liberty. <u>See</u> <u>Whalen v. Roe</u>, 429 U.S. 589, 599-603 (1977). Plaintiff's asserted right in the privacy of his location while using a cellular telephone is far removed from the fundamental rights envisioned by the Constitution. Additionally, there is no legitimate reasonable expectation of privacy in the telephone

numbers dialed or in the retention of records of such dialed numbered by a telephone company.  Smith v. Maryland, 442 U.S. 735, 742-43 (1979); Rehberg v. Paulk, 611 F.3d 828, 843 (11th Cir. 2010).

Even assuming arguendo that Plaintiff has articulated a privacy claim, the Complaint is still fatally flawed.  The Court takes judicial notice that Defendant Sprint is a private entity, not a state actor.  The Complaint neither alleges that Sprint is a state actor nor contains any allegations from which the Court could infer that Defendant Sprint meets the requirements of one of the three tests articulated by the United States Supreme Court to be considered a state actor.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 939 (1982); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).  To the extent that Plaintiff suggests that Sprint became a state actor by complying with a duly authorized subpoena, the Court rejects such argument.  Indeed, similar arguments seeking to attribute state actor status to a party issuing a subpoena have been flatly rejected by the courts.  Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983); Hahn v. Star Bank, 190 F. 3d 708, 717 (6th Cir. 1999); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268. 278 (3d Cir. 1998); Broadley v. Hardman, No. CA 07-458ML, 2008 WL 649796 *4 (D.R.I. Mar. 10, 2008).

Further, while "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. In particular, prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Van de Kamp v. Goldstein, ___ U.S. ___, 129 S. Ct. 855, 861-62 (2009); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). Here, Defendant Vogel's post-investigation, pre-trial request for a subpoena and court order to obtain Plaintiff's CSLI and the introduction of Plaintiff's CSLI at trial in an effort to obtain his conviction are clearly the types of behavior "intimately associated with the judicial phase of the criminal process" which is afforded absolute immunity. Imbler, 424 U.S. at 430. Vogel is entitled to absolute immunity.

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against either Defendant Vogel of Defendant Sprint under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint under § 1983. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001). Thus, for the reasons stated above, Plaintiff has failed to state

a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

To the extent that Plaintiff is challenging the fact and/or duration of his present confinement due to what he perceives as constitutional deprivations, then Plaintiff's complaint presents a habeas corpus claim rather than a civil rights claim. See Wilkinson v. Dobson, 544 U.S. 74, 78 (2005).

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of the Court** shall enter judgment accordingly, terminate any pending motions, and close this file.

3. The **Clerk** shall also transmit one copy of the form for use in Section 2254 cases along with an Affidavit of Indigence Form to Plaintiff for his future use, if appropriate.

**DONE AND ORDERED** in Fort Myers, Florida, on this   3rd   day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-7-